BERNARD N. MARCANTEL, Judge Pro Tem.
The sole issue presented by this appeal is whether the trial court was correct in granting Louisiana Insurance Guaranty Association’s exception and motion for dismissal.
FACTS
To fully understand the facts of this case, we must first refer to a previously' decided companion suit, Barbara F. Gauthier v. Champion Insurance Company, 583 So.2d 556 (La.App. 3 Cir.1991). In that case, Barbara F. Gauthier (hereinafter defendant) originally filed suit against Champion Insurance Company, her insurer, for collision coverage and statutory penalties and attorney’s fees arising out of an automobile accident. A judgment was signed on June 7, 1989, awarding defendant damages to her automobile, penalties and attorney’s fees. Due to Champion’s insolvency, defendant was allowed to amend her petition and add the Louisiana Insurance Guaranty Association (hereinafter LIGA) as party-defendant. LIGA claimed it was not responsible for statutory penalties and attorney’s fees. At a hearing on a Rule to Show Cause why LIGA should not pay the judgment against Champion, the trial court rendered judgment in favor of defendant and against LIGA. On appeal, this court reversed the judgment of the trial court as to penalties and attorney’s fees and affirmed the judgment as to the damage award.
On October 6,1989, Wayne Vidrine (hereinafter plaintiff) filed the present suit against defendant as a suit on open account and for recognition of a mechanic’s lien for repair bills incurred at plaintiff’s shop for the repair of defendant’s automobile. Defendant filed an answer denying that she was indebted to plaintiff and filed a third party demand against LIGA on October 11, 1989. Defendant claimed that LIGA would be liable to her for any judgment that would be rendered against her because no steps had been taken by LIGA to pay the judgment in the previous suit against Champion. Subsequently, plaintiff filed the present suit. In addition to the amount of any judgment rendered against her, defendant claimed that LIGA would also be responsible for damages as a result of its negligence in not paying the claim.
LIGA answered the third party demand claiming that it had already paid defendant the principal amount that she was owed. LIGA also claimed that it was immune from having penalties and damages assessed against it.
On March 6, 1990, defendant made an unconditional tender of $3,472.00 into the registry of the court which represented the total bill for repairs owed to plaintiff. On March 7, 1990, plaintiff filed a Motion to Withdraw Funds Based on Unconditional Tender. On June 27, 1990, plaintiff’s claim was dismissed with prejudice.
LIGA filed an Exception and Motion for Dismissal on June 27, 1990, claiming that the present matter was res judicata due to the actions taken in the previous proceeding. Additionally, LIGA claimed that defendant’s third party claim relied on the condition that judgment be rendered against her which is not possible now because plaintiff’s claim in the present suit was dismissed with prejudice. A judgment was signed on July 6, 1990, granting *685 LIGA’s' Exception and Motion for Dismissal. Defendant timely appeals from that judgment. We affirm for the reasons set forth in this opinion.
LAW
Defendant claims that the trial court erred in sustaining LIGA’s Exception and Motion for Dismissal. Defendant claims that the present suit is not barred by res judicata because the first suit was a suit involving a contract of insurance and the present suit involves a tort action.
In order to establish a plea of res judicata under La.R.S. 13:4231,[1] the thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties; and, the demand must be formed by the same parties in the same quality. We find that the trial judge was correct in granting the motion to dismiss based on res judicata with respect to the claim by defendant for damages she received to her automobile. Defendant had already obtained a judgment in her first lawsuit for that amount. Her remedy was to make that judgment executory.
With respect to defendant’s claim for damages from LIGA as a result of a suit being filed against her, we find the trial judge was incorrect in granting the motion to dismiss based on res judicata. In the first suit, defendant sought damages in tort for Champion’s negligence and also sought statutory penalties and attorney’s fees based on La.R.S. 22:658. In the present suit, defendant seeks damages in tort based on LIGA’s negligence. This demand is between different parties. Defendant’s first demand was against Champion and this instant demand is against LIGA. Although LIGA was a party to the first suit, LIGA is not a party “in the same quality” in the present suit.
We also find that this demand is based on a different cause of action than in the first suit. The first suit was a cause of action arising out of a contract of insurance that defendant had with Champion. The present cause of action, although it arises out of the same contract of insurance, is based on a claim for damages alleging that LIGA was negligent in paying the judgment on the contract of insurance.
For these reasons we find that defendant’s claim for damages alleging that LIGA was negligent for failure to pay the judgment in the first suit is not barred by res judicata. However, defendant’s suit against LIGA should be dismissed for other reasons which we will discuss more fully.
Defendant’s claim is a claim for damages due to delay in payment on a judgment rendered on a contract of insurance. La.C.C. Art. 1998 sets forth when damages for nonpecuniary loss based on a contract may be recovered. La.C.C. Art. 1998 states:
“Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.”
Defendant’s judgment in the first suit against LIGA was based on a contract of automobile insurance that defendant had with Champion. In Nelson v. Allstate Ins. Co., 464 So.2d 1015 (La.App. 1 Cir.1985), the court held that an uninsured motorist policy is a contract for the payment of money only and does not have for its object intellectual gratification.
We find that the same is true of an automobile policy. An automobile policy is a contract for the payment of money only *686 and does not have for its principal or exclusive object some form of intellectual gratification. Therefore, defendant would not have been able to recover nonpecuniary damages from Champion.
LIGA is a statutory body created by La.R.S. 22:1375, et seq. Its purpose is set forth in La.R.S. 22:1376, which states that:
“The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers.” (Emphasis supplied.)
As a statutorily created entity, LIGA is liable for only those obligations provided by the Louisiana Insurance Guaranty Statute.
La.R.S. 22:1382 A provides in pertinent part that:
“A. The association shall:
(1)(a) Be obliged to the extent of the covered claims existing prior to the determination of the insurer’s insolvency, or arising after such determination ...
******
(2) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent.” (Emphasis supplied.)
La.R.S. 22:1379(3)(a) provides:
“(3)(a) ‘Covered claim’ means an unpaid claim, including one for unearned premiums by or against the insured or agent, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer, if such insurer becomes an insolvent insurer after September 1, 1970, and:”
Under these statutory provisions, it is clear that LIGA is liable only for “covered claims” as defined by the statute. Since nonpecuniary damages are not within the coverage of the automobile policy that defendant had with Champion, we find that nonpecuniary damages are not a “covered claim” and, therefore, LIGA can not be held liable for the nonpecuniary damages that defendant claims she suffered.
For the foregoing reasons, the judgment of the trial court in granting LIGA’s Exception and Motion for Dismissal is affirmed. All costs of this appeal are taxed against defendant-appellant.
AFFIRMED.
GUIDRY, J., concurs in the result.

. This was the statute that was in effect at the time of the first suit on March 20, 1989. This statute was amended by Section 5 of Acts 1990, No. 521, which was effective on January 1, 1991.