I,McMANUS, Judge.
This is a class action toxic tort lawsuit. The Defendant and Third-Party Plaintiff, Zen-Noh Grain Corporation (Zen-Noh) appeals the district court’s judgment sustaining the peremptory exception of no cause of action brought by the Third-Party Defendant, Louisiana Insurance Guaranty Association (LIGA). For the reasons that follow, we affirm.
STATEMENT OF THE CASE
This matter began as a suit for damages filed by Mildred Hall et al., alleging injuries as a result of the actions and operations of Zen-Noh Grain Corporation. The main demand made no allegations regarding LIGA. The Defendant/Appellant herein, Zen-Noh, filed a third party demand against LIGA alleging coverage of its fund by virtue of the insolvency of Transit Insurance Company. Zen-Noh alleged coverage under LIGA’s general statutory obligation.
Zen-Noh amended its Third-Party Demand and narrowed its claim against LIGA by pleading that it seeks to recover against LIGA only to the extent that there is no other insurance available as primary coverage during the years, 1982 to 1984. Zen-Noh alleged that it was provided insurance coverage during these years by Transit Casualty, but Transit Casualty is now insolvent and in receivership. Zen-Noh has also filed third-party \9,demands against two other insurers, Old Republic Insurance Company and Lexington Insurance Company, alleging coverage for the incident in question.
*93 LIGA filed an exception of no cause of action to Zen-Noh’s third party demand. On June 12, 2000, the district court granted the exception based upon the statutory requirement that an insured exhaust all other coverage prior to initiating a claim with liability against LIGA. From this judgment, Zen-Noh appeals. We note that there are two other appeals from this litigation that are unrelated to the present appeal. The two other appeals arise out of the underlying claims of the Plaintiffs.
ASSIGNMENT OF ERROR
Zen-Noh argues that the district court erred in maintaining LIGA’s peremptory exception of no cause of action without expressly ruling that Zen-Noh’s solvent insurance carriers would be solidarily liable for all sums which the insured may become obligated to pay as a result of the underlying toxic tort claim.
LIGA is a non-profit unincorporated legal association statutorily created by La. R.S. 22:1375. The purpose of LIGA is expressed in 22:1376, which states that:
The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer.
As a statutorily created entity, LIGA is liable only for those obligations provided by the Louisiana Insurance Guaranty Statute. Vidrine v. Gauthier, 595 So.2d 683 (La.App. 3 Cir.1992). The question presented is whether LIGA is statutorily obligated to Zen-Noh. The requirements for coverage under the LIGA fund are articulated in La. R.S. 22:1386. La. R.S. 22:1386 provides, in pertinent part: Basically, a claimant must exhaust all other available insurance prior to proceeding against LIGA. LIGA is an entity of last resort and a claimant must exhaust all of its rights against any other solvent insurance policies before asserting a claim against LIGA. Mancuso v. Siegel, 646 So.2d 1200, 1203 (La.App. 5 Cir.1994).
Any person having a claim against an insurer under any provision in an insurance policy, other than a policy of an insolvent insurer ... shall be required first to exhaust his right under such policy.
In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal should subject the case to de novo review because the exception raises a question of law. City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 640 So.2d 237 (La.1994). The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy based on the facts alleged in the pleading. Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993). The issue which must be decided by the court is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Id.
The requirements of La. R.S. 22:1386 are clear. A prerequisite to coverage under the LIGA statute is that a claimant such as Zen-Noh must have exhausted all other applicable insurance. Zen-Noh has filed third-party demands against Old Republic Insurance Company and Lexington Insurance Company. By its own allegations in these demands, Zen-Noh has established the existence of other insurance policies. Therefore, we find that Zen-Noh has not exhausted its claims against these other insurers and consequently, has not met the requirements of La. R.S. 22:1386.
In its brief, Zen-Noh’s has cited the opinion in Urquhart v. Bagwell Neal, Inc. et al., (unpublished). Under the Louisiana Rules of Court, Rule 2-16.3, opinions marked as “Not Designated for Publication” shall not be cited, quoted or referred to by any counsel, or in any argument, brief, or other material presented to any court. Consequently, we will address Zen-Noh’s argument without referring to the decision in Urquhart.
*94 Zen-Noh argues that the district court should have accompanied its ruling with the express holding that Zen-Noh’s solvent insurers would be solidarily liable for any obligations Zen-Noh may incur as a result of this litigation. However, whether the remaining solvent insurers are solidarily liable to Zen-Noh is irrelevant to the peremptory exception at issue in this appeal. What we are being asked to decide is whether on the face of its petition, Zen-Noh has stated a cause of action against LIGA. To decide this we must determine whether there are solvent insurers out there against which Zen-Noh has |4not exhausted its claims. The record reveals that Zen-Noh does indeed have coverage under other insurance policies. Zen-Noh has filed a Third-Party Demand against two of them. Whether these policies would provide coverage during 1982-1984 is also irrelevant at this point because the Plaintiffs have not made an allegation of when any alleged injury occurred. This will be determined through discovery. Zen-Noh’s argument seems better suited for its claim against its solvent insurers, but we see nothing in the LIGA statute requiring a district court to hold that the remaining solvent insurers are solidarily liable. Nothing in the LIGA statute or the case law requires a district court to predicate its dismissal of LIGA on a finding that solidary liability exists between other available insurers. We decline to impose such a requirement as well.
CONCLUSION
For the reasons stated above, we affirm the district court’s ruling sustaining LIGA’s exception of no cause of action, and find that Zen-Noh has not satisfied the requirements of La. R.S. 22:1386 which are necessary to maintain a cause of action against LIGA.
AFFIRMED.